OELBAUM et al. v. WINER et al.

(Supreme Court, Special Term, New York County. June, 1913.)

1. LICENSES (§ 60*)—USE OF WATER MAIN—REVOCATION OF LICENSE.

A subtenant, who installed a water main at his expense and for his own use, and gave a revocable license at the request of his lessor to connect with such main for the use of another subtenant, had a right to cut off such connection, where such overtenant failed to do so after due notice.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. § 123; Dec. Dig. § 60.*]

2. INJUNCTION (§ 11*)—PROPERTY—DISCLAIMER.

Where a subtenant, after revocation of a license given to the overtenant to use a water supply pipe for the benefit of another subtenant, disclaimed any intention of connecting such supply pipe with the main from which the overtenant drew his supply of water, there was no necessity for an injunction against him.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 9–11; Dec. Dig. § 11.*]

3. EASEMENTS (§ 17*)—IMPLICATION—NECESSITY.

Where a landlord, occupying lofts as a factory and using daily 2½ tons of material, which, unless taken up and down in the freight elevator, would have to be carried by stairway, which was less convenient, reserved no such right of ingress and egress in the lease to a tenant occupying lower floors of the building, there was no implied way of necessity for using the elevator through the lower floors.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 45–49; Dec. Dig. § 17.*]

4. LICENSES (§§ 44, 58*)—RELATING TO REAL PROPERTY—REVOCATION.

An oral permission, without consideration, given by a tenant to lessor to use a freight elevator through the ground floors to lofts occupied by the lessor, constituted only a license, revocable at will.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 97–99, 116–120, 121; Dec. Dig. §§ 44, 58.*]

Action by Max Oelbaum and others against Simon J. Winer and others. On motion by plaintiffs for an injunction pendente lite. Denied.

Joseph Wilkenfeld, of New York City, for plaintiffs.
Marks & Marks, of New York City, for defendants.

GIEGERICH, J. The plaintiffs seek to enjoin the defendants, first, from interfering with the water pipe supplying water to their portion of the building in question; and, second, from preventing them and their employés from passing through the ground floor of the premises in question to the freight elevator.

[1, 2] The plaintiffs are the lessees of the entire building in question, which consists of a basement, a ground floor, and five upper

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

factory lofts. The basement and ground floor and the first loft are occupied by the defendants for stable and laundry purposes under a sublease for a term of years from the plaintiffs. The second loft is occupied by one Tabicco, also a subtenant of the plaintiffs, who conducts a dyeing business on that floor. The plaintiffs occupy the third, fourth, and fifth lofts as a shirt factory. There is a freight elevator running from the ground floor to the top of the building and serving all the lofts. Water is supplied to the building by three mains, two of which the defendants installed at their exclusive expense after they moved into the building, and which they intended for the exclusive use; but subsequently, at the request of the plaintiffs, they gave oral permission for the establishment of a connection with one of their mains to furnish water to the loft occupied by Tabicco. Such permission was given upon the express condition that the connection was to be discontinued at any time upon the request of the defendants. There is still a third water main furnishing water to the building, which pipe was also installed after the defendants took possession, and a part of the expense of which they claim they bore, and which they claim was installed for the purpose of furnishing water to the entire building.

It is unnecessary to attempt to determine any issue that there may be in the affidavits on this point, however, because it is undisputed that the connection which the defendants threaten to disturb is one leading from the pipes which they installed at their own expense and for their own use, and a connection which they gave a revocable license to have made, which license they have revoked. It is therefore plainly within their rights to cut off such connection, as the plaintiffs have failed to do so after due notice. As the defendants disclaim any intention of connecting this supply pipe of Tabicco's with the main from which the plaintiffs draw their supply of water, there seems to be no necessity for any injunction in this branch of the case.

[3] It remains to consider the question of the plaintiff's right to use, for themselves and their servants, the ground floor for the purpose of going to and from the elevator. It is stated without contradiction that they use a total daily quantity of material weighing about 5,000 pounds. Unless this can be taken up and down in the elevator, they will have to carry it by the stairway to their lofts, the lowest one of which, as before stated, is the third. Under these circumstances they claim an easement of necessity through the ground floor leased to the defendants, although there was no reservation of such a right of ingress and egress in the lease which they executed to the defendants. It is well established that an implied right of way must rest upon necessity and cannot be supported upon a convenience merely. Bauman v. Wagner, 146 App. Div. 191, 130 N. Y. Supp. 1016; Staples v. Cornwall, 114 App. Div. 596, 99 N. Y. Supp. 1009; Paine v. Chandler, 134 N. Y. 385, 388, 32 N. E. 18, 19 L. R. A. 99; Burlew v. Hunter, 41 App. Div. 148, 58 N. Y. Supp. 453; Hill v. Bernheimer, 78 Misc. Rep. 472, 140 N. Y. Supp. 35. In the present case it would unquestionably be more convenient if the plaintiffs could pass through the ground floor to and from the elevator for the purpose of carrying

their goods; but it cannot be said that such right of way is a matter of necessity, any more than it was in some of the cases above cited.

[4] Such permission as the defendants gave to the plaintiffs to pass through their portion of the building was oral, and without consideration, and at most constituted a license revocable at will, and which they have revoked.

The motion for an injunction is therefore denied with $10 costs.